UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Sr. M. Regina Fahy, RSM;
Haliyamtu Theo Amani;
Sarra Ali; Eva Castillo-Turgeon;
and Annagreta Swanson,
    Plaintiffs

   v.                                  Civil No. 05-cv-97-SM
                                        Opinion No. 2006 DNH 074

Commissioner, New Hampshire
Department of Safety,

**O R D E R**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiffs move the court to reconsider and/or clarify its order dated March 29, 2006, granting in part and denying in part their motion for preliminary and permanent injunctive relief.  The State objects.

**Standard of Review**

To be entitled to relief under Rule 59, plaintiffs must point to newly discovered evidence supportive of their position that was not available to them prior to the court's order of March 29.  Alternatively, they must demonstrate that the court based its earlier order on a manifest error of law.  See, e.g., Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000).  Plaintiffs may not, however, attempt to press

arguments that were not advanced earlier, either in their petition for injunctive relief or at summary judgment.  See, e.g., Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) ("The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.") (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)).  See also Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir. 1994).

## Discussion

In support of their motion, plaintiffs advance four distinct arguments:

1. The Real ID Act, Pub. L. 109-13 Div. B, Title II, § 201-207 (May 11, 2005) ("Improved Security for Drivers' Licenses and Personal Identification Cards"), was passed well after the State enacted the challenged regulations and, therefore, could have had no influence on the State's drafting and promulgation of those regulations.  Thus, say plaintiffs, the State is impermissibly using the Real ID act as an "after-the-fact justification" for the administrative regulations at issue in this case;

2. The New Hampshire legislature may reject implementation of the Real ID Act - legislation to that effect is pending, but has not yet been enacted.  So, say plaintiffs, the court should not have relied on the provisions of the Real ID Act when

>            determining the constitutionality of the
>            challenged state regulations;
>
>    3.   The State's practice of engaging in
>         background checks of all persons to whom
>         temporary licenses are issued and/or checking
>         to see whether the names of those individuals
>         appear on any terror watch-lists is
>         unconstitutional; and
>
>    4.   All plaintiffs are "immigrant aliens" (also
>         known as "resident aliens") and the Real ID
>         Act does not authorize the State to issue
>         them drivers' licenses that expire prior to
>         the five year period prescribed by state
>         statute.  And, say plaintiffs, the State's
>         practice of issuing temporary drivers'
>         licenses to immigrant aliens is
>         unconstitutional.

Plaintiffs' memorandum (document no. 57-2) at 2-5.

The first two arguments advanced by plaintiffs are without merit, but in any event were not advanced in plaintiffs' motion for summary judgment and, therefore, cannot be asserted as a basis for relief under Rule 59.  Similarly, plaintiffs' third argument – that some aliens are being subjected to background checks and/or that their names are being checked against terror watch-lists – was not raised in plaintiffs' petition for injunctive relief or their motion for summary judgment.  Accordingly, that argument is also deemed to have been forfeited.

Finally, plaintiffs assert that the State is impermissibly issuing drivers' licenses to some aliens that expire prior to the

statutorily prescribed five year period.  The court did not specifically address that argument in its earlier order because it assumed, perhaps erroneously, that it was no longer an issue as the State was no longer engaged in that practice.  But, to the extent the issue remains unresolved, it is plain that the New Hampshire Department of Motor Vehicles is not authorized by federal law, state law, or even its own administrative regulations, to issue drivers' licenses that expire in fewer than five years to certain categories of non-citizens, in which plaintiffs are included.

As the court noted in its earlier order, the Real ID Act requires states to issue "temporary drivers' licenses"[1] to five categories of non-citizens (assuming the state wishes its licenses to serve as federally-recognized identity documents). See id. at §§ 202(c)(2)(B) and 202(c)(2)(C)(i).  It does not, however, mandate the issuance of temporary licenses to lawfully admitted permanent or temporary resident aliens, individuals who have entered the United States in refugee status, or those who have applied for asylum status.  See id. at § 202(c)(2)(B)(ii)-(iv).  The reason for the different treatment accorded to those

---

[1] The "temporary drivers' licenses" presently at issue are distinct from the temporary, 45-day, paper driving permits that were discussed in the court's prior order.  The so-called temporary driver's license is one whose expiration date is tied to the expiration of the alien's legal status documents, rather than the statutorily prescribed five year expiration date.

two general categories of non-citizens is fairly clear: in the latter category (i.e., temporary and permanent resident aliens, refugees, and asylees), the non-citizens have expressed an intention to permanently remain in the United States and have, at least preliminarily, been approved to do so by Citizenship and Immigration Services.  They are, therefore, generally referred to as "permanent aliens" or "immigrant aliens."  Those in the former category (e.g., tourists traveling on non-immigrant visas and individuals with <u>pending</u> applications for asylum), however, have not expressed an intention to permanently remain in the United States and/or have not obtained preliminary approval to do so.  Individuals falling into that category are, then, generally known as "temporary aliens" or "non-immigrant aliens."

In light of the foregoing, and because they say they are all either permanent resident aliens or have entered the United States in refugee status or as asylees, plaintiffs assert that the Real ID Act neither requires nor authorizes the State to issue them "temporary drivers' licenses."  To the extent they fall within the appropriate categories of immigrant aliens, they are correct.

But, more to the point, the state's own administrative regulations do not purport to authorize the issuance of temporary

drivers' licenses to persons in plaintiffs' position.  Saf-C 1003.04(g) provides that New Hampshire drivers' licenses shall be valid for a period of five years or until certain listed immigration documents expire, whichever occurs first.  But, the referenced immigration documents – visas and Forms I-20 and DS-2019 – are the type possessed by non-citizens who are authorized to be in this country only for limited periods (e.g., tourists, students pursuing academic studies in the country for a specific period of time, temporary immigrant workers, etc.).  See also Saf-C 1002.06.

As the state administrative regulations themselves contemplate, resident aliens would verify their identity by presenting a permanent resident card (also known as a "green card").  See Saf-C 1002.06(a)(3)(a)(1).  Persons residing in the United States as either asylees or refugees would present an I-94 card, which evidences their status as either asylees or refugees.  See Saf-C 1002.06(a)(3)(a)(2).  But neither the permanent resident card nor the I-94 is listed among the immigration documents to which the expiration of a drivers' license may be tied.  See Saf-C 1003.04(g).  In other words, the Department's own regulations do not authorize the issuance of New Hampshire drivers' licenses to immigrant aliens which bear an expiration date linked to the renewal date of their immigration status

documents.  See generally Appeal of Town of Nottingham, __ N.H.__, 2006 WL 1359972 (May 19, 2006) ("The law of this State is well settled that an administrative agency must follow its own rules and regulations.  An agency must also comply with the governing statute, in both letter and spirit, and agency regulations which contradict the terms of a governing statute exceed the agency's authority.") (citations and internal punctuation omitted).[2]

   Immigrant aliens residing in New Hampshire are, like United States citizens residing in this state, entitled to New Hampshire drivers' licenses that expire in the statutorily prescribed five year period.  While it is possible that an alien's permanent residency status might be eventually denied, or even revoked, it

---

   [2] To the extent the Department of Motor vehicles has been issuing temporary drivers' licenses to immigrant aliens (including those who are lawfully in the United States as either refugees or asylees) in reliance upon N.H. Rev. Stat. Ann. 263:39-a, such reliance is misplaced.  That statute authorizes the DMV to issue temporary drivers' licenses only to individuals who are "living in New Hampshire on a temporary basis."  While that phrase is not defined in the statute, the court presumes it refers to aliens who have not evidenced an intention to remain in the United States permanently (e.g., tourists traveling on visas, temporary immigrant workers, etc.).  Accordingly, it does not include within its scope the various categories of immigrant aliens into which plaintiffs fall.

is also possible that a citizen might establish residency in another state before the five-year period expires.  Neither future possibility warrants issuing a drivers' license for less than the period prescribed by the legislature and applicable regulations.

## Conclusion

Neither the Real ID Act nor the challenged state administrative regulations require (or even authorize) the State to issue temporary drivers' licenses to: (a) aliens lawfully admitted to the United States for permanent or temporary residence; (b) those with approved applications for asylum; or (c) those who have entered the United States in refugee status.  Persons in those categories all intend to permanently remain in the United States and all have been approved, at least initially, by Citizenship and Immigration Services to do so.  Consequently, those plaintiffs who fall into one of those three categories are entitled to drivers' licenses that do not expire before the end of the statutorily prescribed period of five years, barring, of course, any unusual circumstances that would lawfully warrant a shorter expiration period.

Plaintiffs' motion to amend judgment and/or for clarification (document no. 57) is granted in part and denied in

part.  It is granted to the extent plaintiffs seek clarification of the right of certain categories of non-citizens (i.e., "immigrant" or "resident" aliens) to obtain New Hampshire drivers' license that expire five years from issuance, as discussed above.  In all other respects, plaintiffs' motion is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 26, 2006

cc: Christine C. Wellington, Esq.
    Stephanie A. Bray, Esq.
    Nancy J. Smith, Esq.